(48 Misc. Rep. 541)

### EICHNER v. COHEN.

(Supreme Court, Appellate Term. November 24, 1905.)

1. LANDLORD AND TENANT—TAXES—INCREASE DUE TO IMPROVEMENTS—PAYMENT BY LESSEE.

Where plaintiff leased premises on which the lessees proposed to erect a building, the lease providing that, if the premises should be thereafter assessed at a higher rate on account of the proposed building, the lessees should pay the increase in taxes, and subsequently defendant, as assignee of the lease, assumed its obligation, executing to plaintiff a writing acknowledging his indebtedness in a certain sum, representing the increase in taxes for prior years, and the parties verbally agreeing that defendant should thereafter pay the taxes on a fixed amount of the increased valuation, the agreement was a valid one, imposing on defendant no obligation different from that imposed by the lease, and constituting merely a fixation of the sum due by reason of the increase.

2. SAME—PRIMA FACIE EVIDENCE.

Where a lessee agrees to pay the increase in taxes on the leased premises resulting from the proposed erection by him of a building, an increase in the assessed valuation made subsequent to the erection of the building would be prima facie due thereto, unless some other cause was shown.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Daniel Eichner against Joseph Cohen. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, J J.

Israel J. P. Alderman, for appellant.

Arthur Furber, for respondent.

SCOTT, P. J. On June 12, 1901, the plaintiff leased to Abraham Sturm and another for a term of years the rear portion of a lot on Hester street. It was contemplated, and the lease provided, that the lessees were to make somewhat extensive improvements upon the leased property by way of erecting a bath house. The lease provided as follows:

"It is agreed that, should the premises known as 21 Hester street be assessed by the tax assessors of New York City for the purposes of taxation at a higher value than they are assessed at the present time, on account of the erection of the bathing establishment and other improvements which the parties of the second part propose to make in the said premises, the difference in amount between the taxes as they now are and what they will be at the higher assessed value shall be paid by the parties of the second part annually during the term of this lease."

At the time the lease was made the premises were assessed at $10,500, which was increased to $12,500 for the years 1901 and 1902, to $22,000 for the year 1903, and to $30,000 for the year 1904. On August 14, 1903, the defendant having become the assignee of the lease and having assumed the obligation thereof, the plaintiff executed an instrument accepting him as lessee, and the defendant at the same time signed the following declaration:

"I owe David Eichner the amount of $74, which is the increase of taxes on property No. 21 Hester street for the past two years from $10,000 to $11,500, according to the tax bills in possession of David Eichner, who stated the rate was 2.47. Payable Sept. 1, 1903."

At the same time it was verbally agreed between plaintiff and defendant that defendant should for the remainder of the term pay the taxes upon $5,000 of the increased valuation of the property. This action is for the proportion of the taxes unpaid by defendant from the commencement of the lease.

The appellant has argued this appeal upon the theory that the parties made some new agreement in 1903, whereby defendant assumed an obligation different from that imposed by the lease. This is a wholly erroneous view of the transaction. All that either the written or the verbal agreement amounted to was a fixation by mutual consent of the precise amount which defendant was obligated to pay by the lease, but which in the lease had been left open to ascertainment by calculation or otherwise. The purpose of the agreement in the lease was that the landlord should be saved harmless from any increase of taxes by reason of the new structure, for it is a matter of common knowledge and common sense that additional improvements imply additional value and consequently additional assessment. If after these improvements were made the assessed valuation was increased, the increase would be due prima facie to the improvements, unless some other cause was shown. None other was shown in this case. It was not shown that property in this particular neighborhood, or in the city generally, had been assessed higher than when the lease was made, although doubtless, as to the assessments of 1903 and 1904, some such proof could have been obtained. In that case, if there had been no agreement as to the proportion of increase which was properly chargeable to defendant's improvement, it might have been necessary to go into proof; but the plaintiff's right to

collect and the defendant's obligation to pay would have been unaffect-
ed. It was perfectly competent for the parties, and apparently advan-
tageous to defendant, to agree upon a sum which should be assumed to
represent the proportion of the increased assessment properly attribu-
table to the improvements. Such an agreement, if fairly made, and there
is no contention that it was unfair, is sufficient to support the judgment.
It creates no new liability, but merely fixes the amount to be paid under
the existing liability.

Judgment affirmed, with costs. All concur.